1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

JOHN LINDLAND,

12                                              Plaintiff,

13    v.

14    TUSIMPLE, INC., et al.,

15                                              Defendants.

Case No.:  3:21-cv-00417-RBM-MDD

**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL**

**[Docs. 33, 35, 51]**

16

17    Currently pending before the Court are: (1) Plaintiff John Lindland's ("Plaintiff")
18    motion to file under seal documents in support of Plaintiff's motion to exclude the
19    testimony of Defendant TuSimple, Inc.'s ("Defendant") expert witness (Doc. 33); (2)
20    Defendant's motion to file under seal documents in support of Defendant's motion for
21    summary judgment (Doc. 35); and (3) Plaintiff's motion to file under seal documents in
22    support of Plaintiff's opposition to Defendant's motion for summary judgment (Doc. 51).
23    For the reasons discussed below, all three motions to seal are **DENIED WITHOUT**
24    **PREJUDICE**.

25                               **I.    LEGAL STANDARD**

26    "[T]he courts of this country recognize a general right to inspect and copy public
27    records and documents, including judicial records and documents." *Nixon v. Warner*
28    *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one

1

1  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

2  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

3  *State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption

4  of access is 'based on the need for federal courts, although independent—indeed,

5  particularly because they are independent—to have a measure of accountability and for the

6  public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler*

7  *Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d

8  1044, 1048 (2d Cir. 1995)).

9      A party seeking to seal a judicial record bears the burden of overcoming the strong

10 presumption of public access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this

11 burden depends upon whether the documents to be sealed relate to a motion that is "more

12 than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.

13 When the underlying motion is more than tangentially related to the merits, the

14 "compelling reasons" standard applies.  *Id*. at 1096–98.  When the underlying motion does

15 not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id*.

## II.   DISCUSSION

### A. Plaintiff's Motions to Seal (Docs. 33, 51)

18     Here, Plaintiff has failed to satisfy either the good cause or the compelling reasons

19 standard.  Plaintiff's motion to file under seal documents in support of his motion to

20 exclude the testimony of Defendant's expert witness fails to mention either standard, let

21 alone demonstrate that such standard has been satisfied. (*See* Doc. 33.)  And while Plaintiff

22 recites each standard in his motion to file under seal documents in support of Plaintiff's

23 opposition to Defendant's motion for summary judgment, Plaintiff fails to sufficiently

24 show how either standard is satisfied.  (*See* Doc. 51.)

25     Plaintiff alleges in each motion that sealing is appropriate because the documents

26 are issue were designated "Confidential" pursuant to the parties' protective order.  (*See*

27 Doc. 33 at 2; Doc. 51 at 6–8.)  One party's designation of a document as "Confidential"

28 does not, standing alone, demonstrate that the documents should be shielded from public

access.  *See, e.g., Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB MDD, 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

Because Plaintiff has failed to demonstrate reasons to seal the documents beyond their designation as "Confidential" pursuant to the parties' protective order, Plaintiff's motions are denied.

**B. Defendant's Motion to Seal (Doc. 35)**

Similar to Plaintiff's motions to seal, Defendant's primary argument in support of its motion to seal is that each of the lodged documents has been designated "Confidential" pursuant to the parties' protective order.  (*See* Doc. 35-1 at 2–5.)  As discussed above, one party's designation of a document as "Confidential" does not, standing alone, justify sealing such document on the public docket. *See Foltz*, 331 F.3d at 1136.  While Defendant alleges the documents at issue contain "sensitive financial, personnel, and commercial information," Doc. 35-1 at 3, such conclusory statement does not provide the Court with sufficient information to evaluate whether sealing of the documents at issue is appropriate. *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *4 (S.D. Cal. Dec. 8, 2017) (declining to seal documents where party asserted only "conclusory statements" in support of motion).

Defendant's motion to seal is denied.

### III.   CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motions to seal (Docs.

33, 51) and Defendant's motion to seal (Doc. 35).  The Clerk of Court is instructed to maintain the currently sealed lodged proposed documents under seal.  Should Plaintiff or Defendant choose to renew their request for a sealing order, such motion to seal must be filed on or before **October 19, 2022**.  If the parties fail to do so, or fail to meet their burden of showing sufficient reasons to warrant sealing, the Court will order the sealed lodged documents unsealed.  The parties are cautioned that the Court will adhere strictly to the Local Rules of Practice for the United States District Court for the Southern District of California, the Electronic Case Filing Administrative Policies & Procedures Manual, and Section IV of this Court's Civil Chamber Rules in ruling on any motion to seal.

     **IT IS SO ORDERED.**

DATE:  October 5, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE