**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LINDLAND,<br><br>                                Plaintiff,<br><br>v.<br><br>TUSIMPLE, INC., et al.,<br><br>                              Defendants. | Case No.: 3:21-cv-00417-RBM-MDD<br><br>**ORDER DENYING PLAINTIFF JOHN LINDLAND'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS RICHARD HOLSTROM**<br><br>**[Doc. 32]** |

On March 24, 2022, Plaintiff John Lindland ("Plaintiff") filed a motion to exclude the testimony of Defendant TuSimple, Inc.'s ("Defendant") expert witness Richard Holstrom under Federal Rule of Evidence 702 ("Motion"). (Doc. 32 (hereinafter "Mot.").) Defendant filed a brief in opposition to Plaintiff's Motion on April 21, 2022 (Doc. 44 (hereinafter "Opp.")), and Plaintiff filed his reply on April 28, 2022. (Doc. 45.) For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

The Court thoroughly recounted the factual and procedural background of this action in its orders on Defendant's motion for order for choice of law determination (Doc. 31) and Plaintiff's motion to bifurcate (Doc. 40). The Court incorporates by reference the background as set forth therein, and briefly outlines below only those facts relevant to the

instant Motion.

Defendant "is a technology company that operates self-driving trucks and develops commercial ready Level 4 (SAE) fully autonomous driving solution[s] for the logistics industry." (Doc. 1 ("Compl.") ¶ 6.)  Defendant hired Plaintiff on or about August 24, 2018, as a Functional Safety Engineering Lead.  (*Id*. ¶ 19.)  Plaintiff was offered stock options prior to accepting Defendant's job offer, which were "to vest on a three-year cliff vesting schedule in the amount of 30% after [Plaintiff's] first year of employment, 30% after [his] second year of employment, and 40% after [his] third year of employment."  (Doc. 23-1 ¶ 4.)  Plaintiff's employment contract provides:

> Upon approval by our Board of Directors, $150,000 worth of share options, subject to all required taxes and withholdings, will be granted to you with 3-year-cliff vesting schedule as of commencement of your employment with TuSimple.  The number of share options offered will be calculated upon the then valuation of TuSimple on the Valuation Date, i.e., six (6) months after the actual start date of your employment.

(*Id*. Ex. A § 6.)

Plaintiff alleges Defendant terminated his employment on or around March 18, 2020 in order to avoid the payment of his stock options.  (Compl. ¶¶ 49–50, 54.)  In his Complaint, Plaintiff seeks "the granting of the full 150,000 share options at the strike price determined as per the employment contract" and a declaration "as to whether the share options that have already been earned according to the employment contract are being unreasonably withheld by Defendant TuSimple and should be vested immediately." (*Id*. at 23.)  The parties' experts have submitted reports which dispute the value of the vested portion of Plaintiff's stock options.

## II.  LEGAL STANDARD

Federal Rule of Evidence ("Rule") 702 governs the admissibility of expert testimony.  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the

>trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  "The party offering expert testimony has the burden of establishing its admissibility." *Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012).

Before finding expert testimony admissible, the trial court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). "Under *Daubert*, the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 147–49 (1999)).

The Court must find "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 590.  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010).  "[T]he court must assess [an expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano*, 598 F.3d at 564).  "Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible." *Id*. (citing *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)).

The inquiry required by Rule 702 "is a flexible one." *Daubert*, 509 U.S. at 594; *see also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing *Alaska Rent-A-Car, Inc.*, 738 F.3d at 969). "In evaluating proffered expert testimony, the trial court is 'a gatekeeper, not a fact finder.'" *City of Pomona*, 750 F.3d at 1043 (quoting *Primiano*, 598 F.3d at 565). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *Id*. at 1044. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564 (citing *Daubert*, 509 U.S. at 596).

### III.   DISCUSSION

Defendant retained expert Richard Holstrom "to review the claimed economic damages submitted by the Plaintiff as a result of an allegation of wrongful termination." (Doc. 34 at 4.) Mr. Holstrom obtained and reviewed documents in the case relevant to Plaintiff's claimed economic loss. (*Id*.) Mr. Holstrom reviewed the report submitted by Plaintiff's retained expert, Horacio A. Valeiras, who also opined on the scope of Plaintiff's economic damages. (*Id*.) Mr. Holstrom and Mr. Valeiras reach drastically different results regarding the value of Plaintiff's stock option shares as of September 29, 2021. (*See id*. at 6, 13.) Plaintiff objects to Mr. Holstrom's testimony contained in: (1) his initial expert report, dated October 13, 2021; (2) Mr. Holstrom's supplemental expert report, dated December 8, 2021; and (3) testimony from Mr. Holstrom's deposition, which occurred on December 10, 2021. (Mot. at 5.)

Plaintiff's objections to Mr. Holstrom's testimony are two-fold, targeting both Mr. Holstrom's qualifications and the substance of his expert reports. First, Plaintiff argues that although "Mr. Holstrom is a well-educated person and possesses an extensive background in accounting," Mr. Holstrom is not "an expert on the valuation of stock options, specifically." (*Id*. at 8–9.) Plaintiff further argues that, although Mr. Holstrom "estimated that he had dealt with valuation of options in approximately half a dozen cases,"

he does not "claim to be an expert on the valuation of stock options, specifically." (*Id*. at 9) (internal quotation marks omitted).) Defendant argues Mr. Holstrom is qualified to opine on the value of Plaintiff's stock options and has rendered opinions on option valuations in the past. (Opp. at 6.)

Under Rule 702, a testifying expert must be "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702. In the Ninth Circuit, "[t]he threshold for qualification is low: a minimal foundation of knowledge, skill, and experience suffices." *PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, No. C 10-00544 JW, 2011 WL 5417090, at *3 (N.D. Cal. Oct. 27, 2011) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015–16 (9th Cir. 2004)).

The Court finds Mr. Holstrom's education and professional experience satisfy Rule 702's requirements. Plaintiff admits that Mr. Holstrom "is licensed as a Certified Public Accountant (CPA), certified in Financial Forensics (CFF), is Accredited in Business Valuations (ABV), and is a Certified Fraud Examiner (CFE)." (Mot. at 8.) Mr. Holstrom has worked in the field of forensic accounting since 1980, and he has substantial experience serving as an expert in both state and federal courts. (*See* Doc. 34.) Plaintiff himself admits Mr. Holstrom has offered expert testimony on issues of stock option valuations in other cases. (*See* Mot. at 8–10.) To the extent Plaintiff takes issue with the depth of Mr. Holstrom's experience opining on issues of stock option valuation, such objection goes to the weight of Mr. Holstrom's testimony, not its admissibility. *City of Pomona*, 750 F.3d at 1044.

Second, Plaintiff argues Mr. Holstrom's findings are unreliable because "Mr. Holstrom simply provides a rebuttal to Plaintiff's Expert Witness" and "Mr. Holstrom admits that although Defendant utilized the Black-Scholes method of valuation in its S-1 and 10-Q filings, Mr. Holstrom did not utilize the Black-Scholes method in valuing the stock options provided to Plaintiff." (Mot. at 10–11.) Specifically, Plaintiff argues Mr. Holstrom's report is only a "rebuttal" to Mr. Valeiras's expert report which does not "assist the trier of fact." (*Id*. at 11.) Plaintiff also argues Mr. Holstrom should have used the

Black–Scholes model to value Plaintiff's stock options because Defendant used the Black–Scholes model in its S-1 Form filed with the U.S. Securities and Exchange Commission at the time of the company's initial public offering.  (*Id*. at 12–17.)  In its opposition, Defendant argues Mr. Holstrom's use of a different methodology to value Plaintiff's stock options goes to the weight of his opinion, not its admissibility.  (Opp. at 7–8.)

Having reviewed the parties' briefing and Mr. Holstrom's reports, the Court finds Mr. Holstrom's testimony satisfies Rule 702 and the *Daubert* standard of admissibility.  Plaintiff is incorrect that Mr. Holstrom "did not possess any methodology at all" in calculating the value of Plaintiff's stock options.  (Doc. 45 at 6.)  Mr. Holstrom details his review of Mr. Valeiras's report, along with documents relevant to Plaintiff's stock option grant.  (Doc. 34 at 9–12.)  Mr. Holstrom goes on to calculate the potential value of Plaintiff's stock options, based on the number of vested shares Plaintiff possessed at the time of his termination (using the closing stock price on September 29, 2021).  (*Id*. at 12–13.)  Mr. Holstrom expands on his analysis in his supplemental report, at which time he discusses "Mr. Valeiras' improper use of the Cabrillo Advisors October 29, 2021 409A report and his the failure to fully consider TuSimple's methodology to value the company as of February 2019."  (Doc. 34-1 at 6.)

Plaintiff's objections to Mr. Holstrom's valuation methodology go to the weight of Mr. Holstrom's testimony, not its admissibility.  *City of Pomona*, 750 F.3d at 1044.  Plaintiff has not shown that Mr. Holstrom's opinion is the "junk science Rule 702 was meant to exclude."  *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017) (internal quotation marks omitted).  Accordingly, "the interests of justice favor leaving difficult issues in the hands of the jury and relying on the safeguards of the adversary system—'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof'—to 'attack[ ] shaky but admissible evidence.'"  *Id*. (citing *Daubert*, 509 U.S. at 596).  Plaintiff will have ample opportunity at trial to cross examine Mr. Holstrom, at which time he can probe Mr. Holstrom's decision not to use the Black–Scholes model in his analysis of Plaintiff's alleged economic damages.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

DATE: October 20, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE