**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LINDLAND,<br><br>                      Plaintiff,<br><br>v.<br><br>TUSIMPLE, INC., et al.,<br><br>                      Defendants. | Case No.: 3:21-cv-00417-RBM-MDD<br><br>**ORDER DENYING DEFENDANT TUSIMPLE, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF HORACIO VALEIRAS**<br><br>**[Doc. 38]** |

On March 28, 2022, Defendant TuSimple, Inc. ("Defendant") filed a motion to exclude the testimony of Plaintiff John Lindland's ("Plaintiff") expert witness Horacio Valeiras under Federal Rule of Evidence 702 ("Motion"). (Doc. 38 (hereinafter "Mot.").) Plaintiff filed a brief in opposition to Defendant's Motion on April 21, 2022 (Doc. 43 (hereinafter "Opp.")), and Defendant filed its reply on April 28, 2022. (Doc. 46.) For the reasons discussed below, Defendant's Motion is **DENIED**.

### I.    BACKGROUND

The Court recounted the factual and procedural background of this action in its orders on Defendant's motion for order for choice of law determination (Doc. 31), Plaintiff's motion to bifurcate (Doc. 40), and Plaintiff's motion to exclude the testimony of Defendant's expert Richard Holstrom (Doc. 59). The Court incorporates by reference

the background as set forth therein, and briefly states below those facts relevant to the instant Motion.

Defendant "is a technology company that operates self-driving trucks and develops commercial ready Level 4 (SAE) fully autonomous driving solution[s] for the logistics industry." (Doc. 1 ("Compl.") ¶ 6.) Defendant hired Plaintiff on or about August 24, 2018, as a Functional Safety Engineering Lead. (*Id*. ¶ 19.) Plaintiff was offered stock options prior to accepting Defendant's job offer, which were "to vest on a three-year cliff vesting schedule in the amount of 30% after [Plaintiff's] first year of employment, 30% after [his] second year of employment, and 40% after [his] third year of employment." (Doc. 23-1 ¶ 4.) Plaintiff's employment contract provides:

> Upon approval by our Board of Directors, $150,000 worth of share options, subject to all required taxes and withholdings, will be granted to you with 3-year-cliff vesting schedule as of commencement of your employment with TuSimple. The number of share options offered will be calculated upon the then valuation of TuSimple on the Valuation Date, i.e., six (6) months after the actual start date of your employment.

(*Id*. Ex. A § 6.)

Plaintiff alleges Defendant terminated his employment on or around March 18, 2020 in order to avoid the payment of his stock options. (Compl. ¶¶ 49–50, 54.) In his Complaint, Plaintiff seeks "the granting of the full 150,000 share options at the strike price determined as per the employment contract" and a declaration "as to whether the share options that have already been earned according to the employment contract are being unreasonably withheld by Defendant TuSimple and should be vested immediately." (*Id*. at 23.) The parties' experts have submitted reports which dispute the value of the vested portion of Plaintiff's stock options.

## II.   LEGAL STANDARD

Federal Rule of Evidence ("Rule") 702 governs the admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  "The party offering expert testimony has the burden of establishing its admissibility." *Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012).

Before finding expert testimony admissible, the trial court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). "Under *Daubert*, the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 147–49 (1999)).

The Court must find "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 590.  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010).  "[T]he court must assess [an expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano*, 598 F.3d at 564).  "Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff

must prove, in order to be admissible." *Id.* (citing *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)).

The inquiry required by Rule 702 "is a flexible one." *Daubert*, 509 U.S. at 594; *see also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing *Alaska Rent-A-Car, Inc.*, 738 F.3d at 969). "In evaluating proffered expert testimony, the trial court is 'a gatekeeper, not a fact finder.'" *City of Pomona*, 750 F.3d at 1043 (quoting *Primiano*, 598 F.3d at 565). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *Id.* at 1044. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564 (citing *Daubert*, 509 U.S. at 596).

### III. DISCUSSION

Plaintiff retained expert Horacio A. Valeiras and Frontier Global Partners, LLC "to provide expert witness testimony with respect to alleged damages accruing from the allegations of conversion and the amount and valuation of John L[i]ndland's promised TuSimple common stock options." (Doc. 38-2 at 6.) Mr. Valeiras obtained and reviewed documents in the case relevant to Plaintiff's claimed economic loss, including, among other things, Plaintiff's employment offer letter and emails exchanged among Plaintiff and certain of Defendants' employees. (*Id.* at 13.) Mr. Valeiras submitted an initial expert report on September 30, 2021 and a rebuttal expert report on October 29, 2021, responding to the expert report submitted by Defendant's retained expert, Richard Holstrom. (*See id.*) Mr. Valeiras and Mr. Holstrom reach drastically different results regarding the value of Plaintiff's stock option shares.

Defendant does not seek to exclude Mr. Valeiras's testimony in its entirety. (*See* Doc. 46 at 1 ("The Motion is not a motion to exclude Mr. Valeiras' opinions entirely.").) Rather, Defendant seeks only "to exclude the purported legal conclusion of Mr. Valeiras that Plaintiff was granted 'common' stock options." (Mot. at 2) (emphasis omitted).

Defendant argues that "[w]hether Plaintiff was granted common stock options or nonstatutory options based on the language of the Employment Agreement is a legal conclusion." (*Id.*) (emphasis omitted).  In his opposition, Plaintiff argues Mr. Valeiras's description of Plaintiff's granted equity as "common stock options," *see*, *e.g.*, Doc. 38-2 at 6, "is based on the plain language of the contract, supported by additional information provided to him throughout the litigation process," including Defendant's 2017 Share Plan and its S-1 Form filed with the U.S. Securities and Exchange Commission at the time of the company's initial public offering.  (Opp. at 9–10.)

In evaluating a motion to exclude expert testimony, it is this Court's role to "act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards."  *Ellis*, 657 F.3d at 982.  In the instant Motion, Defendant does not argue that Mr. Valeiras is unqualified to serve as an expert or that his opinions regarding the alleged value of Plaintiff's economic damages are unreliable.  Rather, Defendant argues Mr. Valeiras's use of the term "common" stock in calculating Plaintiff's alleged damages constitutes an improper legal conclusion reserved for the Court.  While Defendant is correct that an expert cannot provide a legal conclusion, *see Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008), Mr. Valeiras's reports regarding the amount of Plaintiff's alleged economic damages do not constitute legal conclusions.  Mr. Valeiras's opinions are based on his review of documents and his calculation of the alleged value of Plaintiff's share options.  Additionally, in the company emails attached to Mr. Valeiras's report, Defendant's employees themselves refer to the equity granted to Plaintiff as common stock.  (*See* Doc. 38-2 at 22 ("Options are the right to purchase a share of TuSimple *common stock* at an exercise price under certain conditions, primarily based on duration of employment.") (emphasis added).)  Because the Court finds Mr. Valeiras's reports both relevant and reliable (and because Defendant does not challenge the report on either ground), the Court declines to exclude Mr. Valeiras's testimony at this time, subject to any renewed objection to Mr. Valeiras's testimony at trial.

/ / /

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

DATE: October 24, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE